JUDGE HOLWELL

Andrew S. Langsam
Sarah E. Bell
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
(212) 421-4100
alangsam@pryorcashman.com
sbell@pryorcashman.com

# 10 CIV 9414

*Attorneys for Forum Forum Novelties, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FORUM NOVELTIES, INC.,

                Plaintiff,

      v.

GREENLIGHT, LLC and HEBREW
UNIVERSITY OF JERUSALEM,

                Defendants.

---

No.



RECEIVED
DEC 17 2010
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Forum Novelties, Inc. ("Plaintiff" or "Forum") by its attorneys, Pryor Cashman

LLP, as and for its complaint against defendants GreenLight, LLC ("GreenLight") and Hebrew

University of Jerusalem ("HUJ") (collectively, "Defendants") respectfully alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for a declaratory judgment that the sale and offer for sale of

Forum's Heroes in History disguise kit does not violate any of Defendants' alleged right of

publicity or any rights under the Lanham Act.

### JURISDICTION AND VENUE

2.      This action arises under the New Jersey common law right of publicity, the

Lanham (Trademark) Act of 1946, 15 U.S.C.§ 1051 *et. seq.* (the "Lanham Act"), and the

Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

3.    Forum has a reasonable apprehension and fear that Defendants may commence litigation against Forum to enforce Defendants' claimed publicity and intellectual property rights.

4.    The venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C § 1391 in that, *inter alia*, Defendants' activities as alleged below had, and continue to have, a substantial impact in the State of New York and this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

5.    Defendant GreenLight resides in this judicial district and a substantial part of the events giving rise to the claim occurred within this judicial district.

6.    Upon information and belief, HUJ has no residence in this the United States.

7.    This Court has jurisdiction to grant the requested relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.    Forum is incorporated under the laws of the State of New York with offices in Richmond Hill, New York and has its main showroom within this judicial district.

9.    Defendant GreenLight is a rights representation company that maintains offices and conducts substantial activities in New York.

10.    Defendant HUJ is the alleged beneficiary of the Albert Einstein estate with substantial activities in New York by and through its agent, Defendant GreenLight.

2

## AS TO ALL CAUSES OF ACTION

*Forum's Instant Disguise Kit*

11.    Forum is a New York-based designer, manufacturer, marketer and seller of Halloween costumes and accessories.  Forum has been in business for almost forty years.  Forum is among the largest manufacturers and suppliers in the United States of novelty items.  Forum also designs, manufactures and sells disguise and masquerade costumes, masks, and Halloween accessories.

12.    For a number of years, Forum has been openly selling a line of disguise accessories under its trademark Heroes in History.  It is a collection of costumes within Forum's overall line of merchandise that offers disguises designed to allow users to masquerade as various well-known historical figures.  The line includes disguise kits for simulating the look of historical figures in the United States ranging from Theodore Roosevelt to Amelia Earhart to Betsy Ross.  The Heroes in History disguise kits are intended to be worn by children acting in historically based school plays and in every day play activity.

13.    Forum has been selling, as part of its Heroes in History collection, a disguise kit that includes a white, curly hair wig and a white moustache (the "Instant Disguise Kit").

14.    The Instant Disguise Kit comes in packaging that has a hand drawn sketch of a head by an artist and the name Albert Einstein.  A copy of the packaging for the Instant Disguise Kit offered for sale is attached hereto as Exhibit A.

15.    The packaging of the Instant Disguise Kit prominently carries Forum's company name, trademark, and logo, and the Heroes in History trademark and logo.

3

### *Defendants' Trademark*

16.     Upon information and belief, Defendant HUJ is the owner of a registered trademark "Albert Einstein" (hereafter, the "Albert Einstein Mark").

17.     Upon information and belief, the Albert Einstein Mark is registered in international class 028 for a wide variety of goods including, *inter alia*, "costume masks" (Serial No. 78977440). A copy of the United States registration for the "Albert Einstein" trademark is attached as Exhibit B.

18.     Upon information and belief, Defendants do not manufacture or distribute any children or adult costumes, costume masks, or disguise kits, although it is required to obtain a registration to swear under penalties of perjury, that use of the trademark has occurred in sales in United States commerce for all of the listed goods.

### *Defendants' Alleged Right of Publicity*

19.     Defendants have alleged in correspondence with Forum that Hebrew University owns Albert Einstein's right of publicity as it is the sole beneficiary of the Albert Einstein estate.

20.     A right of publicity is present based on the common law or statutes of the state where the celebrity was domiciled at the time of his death.

21.     Upon information and belief, Albert Einstein was domiciled in New Jersey at the time of his death.

22.     Upon information and belief, Albert Einstein was never domiciled in the state of California.

23.     Upon information and belief, Albert Einstein's right of publicity, if any, is exclusively determined by New Jersey law, as that was his sole state of domicile at the time of his death.

24. There is no New Jersey statute providing for a right of publicity to domiciliaries of the state of New Jersey.

25. Under New Jersey common law, the right of publicity exists, but only if commercialized and exploited during one's lifetime. The New Jersey right of publicity is not descendible to beneficiaries if the celebrity did not actively commercialize and exploit his celebrity status during his lifetime.

26. Upon information and belief, Albert Einstein did not commercialize or exploit his celebrity status during his lifetime.

27. Albert Einstein did not have, at the time of his death, a descendible right of publicity.

28. HUJ could not, therefore, have obtained such a right of publicity to enforce against others since Albert Einstein had no such right at the time of his death.

***Real and Reasonable Apprehension of Litigation***

29. Forum has a real and reasonable apprehension that Defendants may commence litigation against Forum to enforce Defendant HUJ's alleged publicity and intellectual property rights gained, they assert, by virtue of being the sole beneficiary of the estate of Albert Einstein.

30. In an email dated November 3, 2008 to Forum, Samara Schanfeld, Assistant Manager of New Biz Development and Licensing at Defendant GreenLight, indicated that Forum's sale of its Instant Disguise Kit was unauthorized because Forum had not been granted permission from the estate of Albert Einstein to sell, nor had Forum purchased a license for the sale of, the Instant Disguise Kit.

31. In response, Andrew S. Langsam, counsel to Forum, wrote a letter dated November 18, 2008 to Ms. Schanfeld advising her that no such permission or license was needed because

Einstein's estate had no right of publicity.  Mr. Langsam also noted that, to Forum's knowledge, there had been no confusion as to the source of the product, nor had anyone suggested that the sale of Forum's product in the packaging implied some connection, sponsorship, authority, association or license by or with Albert Einstein or with Einstein's estate.  Mr. Langsam further explained that no copyrighted photos of Einstein were used in connection with the offer or sale of the product and the name Albert Einstein was used only descriptively to reflect that the costume could be worn by the user to masquerade as Albert Einstein.  Therefore, Mr. Langsam indicated that there was no infringement of Defendants' alleged right of publicity of or infringement of Defendants' Albert Einstein Mark.  In subsequent communications, Ms. Schanfeld provided a prospective license application and requested Forum to divulge sales information regarding Forum's historical sales of the Instant Disguise Kit.  No further correspondence was exchanged at that time.

32.     Almost two years later, in an email dated October 5, 2010, Marla Militello, a Rights Clearance Coordinator for Defendant GreenLight, again contacted Forum and stated that Forum's sale of its Instant Disguise Kit was "unauthorized" and that the matter was "urgent" and "important."  In subsequent correspondence, Liz Van Denburg, counsel for Defendant GreenLight, demanded sales information and noted that Defendant Hebrew University of Jerusalem was already prosecuting more than thirty litigations worldwide in an effort to defend its purported rights.

33.     On December 15, 2010, Claire L. Keeley, Senior Corporate Counsel for GreenLight, sent Forum a letter demanding that Forum cease the use and distribution of products bearing the name or likeness of Albert Einstein, and further demanding that Forum halt all production of Einstein related products.  Ms. Keeley also demanded that Forum pay a usage fee and divulge sales and distribution information.

34.     As a consequence, Forum has a reasonable apprehension and fear of being embroiled in litigation with Defendants, unless Forum agrees to the position asserted by Defendants as to Albert Einstein's right of publicity and demand for royalties.

35.     Notwithstanding Forum's unequivocal denial of Defendants' assertions of violation of HUJ's right of publicity and trademark infringement in and to the mark Albert Einstein, Defendants have persisted in their accusations. Defendants have continued to demand information on Forum's sales and have continued to insist that Forum owes it a monetary payment for its unauthorized use of the name and likeness of Albert Einstein. Accordingly, there exists a real and reasonable apprehension of litigation.

### The Instant Disguise Kit Does Not Infringe Defendants' Alleged Right of Publicity

36.     Defendants cannot assert a right of publicity because under New Jersey common law, a right of publicity is only descendible if the celebrity actively commercialized and exploited his celebrity status for commercial gain during his lifetime by, among other things, an inter vivos transfer by the celebrity of the right to use his name or likeness.

37.     Upon information and belief, Albert Einstein did not actively commercialize and exploit his celebrity status for commercial gain during his lifetime and he did not transfer the right to use his name or likeness during his life.

38.     Thus, Albert Einstein had no right of publicity to transfer to HUJ at his death.

### The Instant Disguise Kit Does Not Infringe Defendants' Albert Einstein Mark

39.     Descriptive use of the name Albert Einstein and a hand drawn sketch of Albert Einstein on the Instant Disguise Kit do not create a likelihood of consumer confusion, mistake or

deception with Defendant Hebrew University's Albert Einstein Mark in a manner that violates the Lanham Act.

40.    Upon information and belief, the sale of the Instant Disguise Kit does not compete with Defendants nor their products.  Consumers will not think nor be led to believe that the Instant Disguise Kit and Defendants' products and services originate from the same source or that the Instant Disguise Kit is sponsored by or somehow affiliated with Defendants nor their associated products.  Forum's use of the words "Albert Einstein" is not a trademark use at all, but rather is a mere descriptive fair use and a historical reference to the known individual Albert Einstein.

41.    Upon information and belief, there have been no instances of actual confusion as to the source of Forum's Instant Disguise Kit, nor has anyone reasonably been misled to believe that the Instant Disguise Kit was sponsored, authorized, licensed, nor associated with Defendants.

42.    Furthermore, Forum's own trade name Forum Novelties, Inc. and the Forum mark and logo are clearly depicted on the Instant Disguise Kit's product packaging as the source and provider of the disguise components.

43.    Upon information and belief, there has been no correspondence received by Defendants of actual confusion between Forum's Instant Disguise Kit and HUJ, nor with use of its Mark or products.  There is no likelihood of confusion between Forum's descriptive use of the name Albert Einstein and a hand drawn sketch of Albert Einstein on its Instant Disguise Kit and Defendants' Albert Einstein Mark even if used on the actual product.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

44.    Forum repeats and re-alleges each and every allegation in paragraphs 1 through 43 as if fully set forth herein.

8

45.    Defendants' claims that Forum is violating Defendant HUJ's  New Jersey common law right of publicity for Albert Einstein have created an actual, substantial and justiciable controversy between the parties.

46.    Defendants have indicated their intention to commence an action for violation of HUJ's alleged right of publicity if Forum continues to market and sell the Instant Disguise Kit.

47.    Defendants do not have a right of publicity to the Albert Einstein name, likeness, and persona because the New Jersey right of publicity does not exist and thus is not descendible if the celebrity did not actively commercialize nor exploit his celebrity status for commercial gain during his lifetime.

48.    Albert Einstein did not actively commercialize nor exploit his celebrity during his lifetime.  There was no inter vivos marketing by Albert Einstein of his celebrity status.

49.    Defendant HUJ thus does not have a right of publicity to assert.  HUJ cannot "inherit" rights from Albert Einstein which did not exist at the time of his death.

50.    Forum seeks a judicial declaration that the marketing and sale by Forum and its customers of the Instant Disguise Kit does not violate any alleged right of publicity asserted by HUJ and GreenLight to the Albert Einstein name, likeness, and persona.  Forum seeks a declaration that there will be no controversy clouding Forum's rights (and those of its customers) to market and sell the Instant Disguise Kit.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

51.    Forum repeats and re-alleges each and every allegation in paragraphs 1 through 50 as if fully set forth herein.

9

52.     Defendants' claims that Forum is and continues to infringe upon its Albert Einstein Mark in violation of the Lanham Act have created an actual, substantial and justiciable controversy between the parties.

53.     Defendants have indicated its intention to commence an action for trademark infringement under the Lanham Act if Forum continues to sell the Instant Disguise Kit.

54.     The Instant Disguise Kit does not create a likelihood of consumer confusion as to its source, origin, sponsorship or affiliation.

55.     The Instant Disguise Kit does not infringe Defendants' Albert Einstein Mark.

56.     The Instant Disguise Kit does not use the words or name Albert Einstein in a trademark use but, rather, in a purely historical and thus fair use manner to refer to Albert Einstein, the individual.

57.     Forum thus seeks a declaration that there is no trademark infringement and no likelihood of confusion as to its source, origin, sponsorship or affiliation, and that, therefore, Forum has not infringed Defendants' Albert Einstein Mark, so that there will be no controversy clouding Forum's rights (nor those of its customers) to market and sell the Instant Disguise Kit.

## PRAYER FOR RELIEF

WHEREFORE, Forum prays for judgment as follows:

    (a)    a declaration that Forum has not infringed Defendants' alleged right of

            publicity to Albert Einstein under the common law of New Jersey;

    (b)    a declaration that Forum has not infringed Defendants' Albert Einstein

            Mark through its sales of the Instant Disguise Kit under the Lanham Act;

            and

    (c)    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 17, 2010

                         PRYOR CASHMAN LLP

                         By: _____
                              Andrew S. Langsam
                              Sarah E. Bell

                         7 Times Square
                         New York, New York 10036
                         Telephone: (212) 421-4100

                         *Attorneys for Forum Forum Novelties, Inc.*

EX-A



EX - B

Trademark Electronic Search System (TESS)                                      Page 1 of 2

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Dec 16 04:05:46 EST 2010*



Please logout when you are done to release system resources allocated for you.

Start List At:            OR  Jump  to record:        **Record 2 out of 12**

TARR Status   ASSIGN Status   TDR   TTAB Status   *( Use the "Back" button of the Internet*
*Browser to return to TESS)*

### Typed Drawing

**Word Mark**  ALBERT EINSTEIN

**Goods and**  IC 014. US 002 027 028 050. G & S: Clocks, watches, non-monetary coins, jewelry, pens and
**Services**    mechanical pencils of precious metal

IC 016. US 002 005 022 023 029 037 038 050. G & S: Address books, prints, agendas, decals,
stickers, appointment books, art paper, art prints, bookmarks, blank journals, pens, pencils, writing
instruments, book covers, printed instructional, educational, and teaching materials and paper teaching
materials, all in the fields of entertainment, mathematics, science and software; printed invitations,
series of fiction books; series of non-fiction books in the field of science, math, physics, and self-help;
bumper stickers, calendars, check books, check book covers, pencil cases, wire bound notebooks,
crayons, drawing instruments, drawing paper; educational books in the field of entertainment,
mathematics, science and software; gift cards, globes, greeting cards, folders, document folders in the
form of wallets, three ring binders, writing pads, insect habitats, note paper, paper weights, photograph
albums, stationery, photographs, postcards, posters, study guides, trading cards, wrapping paper,
paper bags, paper and cardboard cut-out figures for use as wall decorations, life-size standup
cardboard cutouts, pen and pencil holders, three dimensional models for educational purposes

IC 018. US 001 002 003 022 041. G & S: luggage; umbrellas; all purpose sports bags, backpacks,
bookbags, handbags, school bags, shoulder bags, wallets, and credit card cases, all made of leather
or imitation leather

IC 020. US 002 013 022 025 032 050. G & S: Non-metal key chains; busts, figurines, sculptures,
ornaments and desktop statuary of bone, plaster, plastic, wax and wood; mirrors, handheld mirrors

IC 021. US 002 013 023 029 030 033 040 050. G & S: Busts, figurines, sculptures, ornaments and
desktop statuary of crystal, china, earthenware, glass, porcelain and terra cotta; mugs, cups,
containers for household or kitchen use, cookie jars, dinnerware, flower pots, glass beverageware,
non-metal decorative boxes, salt and pepper shakers, vases

IC 025. US 022 039. G & S: Clothing, namely, t-shirts, sweatshirts, shorts, pants, shirts, dresses, suits,
socks, footwear, headwear, pants, bandanas, neckwear, coats, jackets, beachwear, undergarments

·Trademark Electronic Search System (TESS)                                              Page 2 of 2

IC 028. US 022 023 038 050. G & S: Games, playthings and toys, namely, action figures, bobble head dolls, card games, board games, action skill games, arcade games, baby multiple activity toys, bathtub toys, bubble making wand and solution sets, pet toys, chess sets, children's multiple activity toys; educational products in the nature of learning toys and games, namely, multiple activity toys for children and babies, action figures, and puzzles; athletic sporting goods, namely, athletic wrist and joint supports; Christmas tree decorations, costume masks, crib mobiles, electronic educational game machines for children, exercise equipment, namely, manually operated jogging machines, powered treadmills, stair-stepping machines, rowing machines, abdominal boards, stationary cycles, equipment for chest pulls, weight lifting machines, exercise platforms, exercise tables, trampolines, treadmills, weight cuffs, weights, wrist weights, weight lifting benches and accessories therefor, exercising pulleys, aerobic step machines, aerobic steps, weight lifting gloves, yoga mats, ankle and wrist weights; flying discs, golf clubs, infant development toys, infant toys, kaleidoscopes, kites, magic tricks, marbles, mechanical toys, musical toys, party games, party favors in the nature of small toys, play figures, playing cards, puppets, puzzles, sand toys, skateboards, snow globes, stuffed toys, sport balls, toy models, namely, toy model cars, toy butterfly nets, toy rockets, toy vehicles, toy watches, toy model hobby craft kits, water squirting toys, wind socks, wind-up toys, yo-yos

| | |
|---|---|
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78977440 |
| **Filing Date** | July 11, 2003 |
| **Current Filing Basis** | 44E |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 29, 2008 |
| **Registration Number** | 3591305 |
| **Registration Date** | March 17, 2009 |
| **Owner** | (REGISTRANT) The Hebrew University of Jerusalem CORPORATION ISRAEL P.O. Box 34165 Givat Ram Jerusalem 91341 ISRAEL |
| **Attorney of Record** | Anthony V. Lupo and Sarah E. Bruno |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |



|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

FORUM NOVELTIES, INC.,                          :
                                                :
                              Plaintiff,         :
                                                :
          - against -                           :          Civil Action No.:
                                                :
GREENLIGHT, LLC and HEBREW                      :
UNIVERSITY OF JERUSALEM,                        :
                              Defendants.        :
                                                :
------------------------------------------------------------------x

### <u>PLAINTIFF FORUM NOVELTIES, INC.'S PURSUANT TO FED. R. CIV. P.<br>RULE 7.1 STATEMENT</u>

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable judges and magistrate

judges of the court to evaluate possible disqualification or recusal, the undersigned counsel for

Plaintiff certifies that: (a) Plaintiff has no corporate parents and (b) there are no publicly held

corporations that own 10% or more of Plaintiff's stock.

Dated: New York, New York
       December 16, 2010

                              PRYOR CASHMAN LLP


                       By:_____
                              Andrew S. Langsam, Esq. (ASL 7396)
                              alangsam@pryorcashman.com
                              Sarah E. Bell, Esq. (SB 2726)
                              sbell@pryorcashman.com


                              *Attorneys for Plaintiff*
                              7 Times Square
                              New York, New York 10036-6569
                              (212) 421-4100