David N. Wynn (DW-8660)
ARENT FOX LLP
1675 Broadway
New York, NY  10019
(212) 484-3900
(212) 484-3990 (facsimile)

Leah C. Montesano (*pro hac vice* motion pending)
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 857-6000
(202) 857-6395 (facsimile)

Attorneys for Defendant and Counterclaim Plaintiff
Hebrew University of Jerusalem and Defendant
GreenLight Productions, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORUM NOVELTIES, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>GREENLIGHT PRODUCTIONS, LLC,<br><br>    Defendant,<br><br>and<br><br>HEBREW UNIVERSITY OF JERUSALEM<br><br>    Defendant and Counterclaim-Plaintiff. | 10-CV-9414-RJH<br><br>**DEFENDANT HEBREW UNIVERSITY OF JERUSALEM'S ANSWER AND COUNTERCLAIM TO PLAINTIFF FORUM NOVELTIES, INC.'S COMPLAINT FOR DECLARATORY RELIEF** |

Defendant Hebrew University of Jerusalem ("HUJ"), through its undersigned counsel, hereby answers and submits its affirmative defenses and counterclaim to Plaintiff Forum

Novelties, Inc.'s ("Forum Novelties") Complaint for Declaratory Relief ("Complaint"). HUJ responds to each of the numbered allegations as follows to the extent they relate to HUJ, and its responses are not to be construed as a response relating to allegations regarding GreenLight Productions, LLC ("GreenLight")[1]:

1. Paragraph 1 sets forth jurisdictional claims and legal conclusions to which no response is required.

2. Paragraph 2 sets forth jurisdictional claims and legal conclusions to which no response is required.

3. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Deny the allegations of paragraph 4. To the extent paragraph 4 sets forth jurisdictional claims and legal conclusions, no response is required.

5. Paragraph 5 sets forth jurisdictional claims and legal conclusions to which no response is required.

6. Paragraph 6 sets forth jurisdictional claims and legal conclusions to which no response is required.

7. Paragraph 7 sets forth jurisdictional claims and legal conclusions to which no response is required.

## THE PARTIES

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8.

---

[1] Forum Novelties, Inc. named GreenLight LLC as a defendant in this case. GreenLight Productions, LLC is currently the sole and exclusive licensing agent of numerous trademark registrations featuring "Albert Einstein," "Einstein," and variations thereof, and therefore is the proper defendant in this case.

9. Deny the allegations in paragraph 9, except admit that GreenLight is a rights representation company.

10. Deny the allegations of paragraph 10, except admit that HUJ is the owner of all property rights in the name and likeness of Albert Einstein.

## AS TO ALL CLAIMS

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Admit the allegations of paragraph 16, and aver that Hebrew HUJ owns numerous trademark registrations featuring "Albert Einstein," "Einstein," and variations thereof.

17. Admit the allegations of paragraph 17.

18. Deny the allegations of paragraph 18.

19. Deny the allegations of paragraph 19, except admit that GreenLight has informed Forum Novelties that HUJ is the owner of all right, title, and interest in, to, and of the late, famous scientist and genius, Albert Einstein.

20. Paragraph 20 sets forth legal conclusions to which no response is required.

21. Admit the allegations of paragraph 21.

22. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23. To the extent paragraph 23 sets forth legal conclusions, no response is required.

24. Paragraph 24 sets forth legal conclusions to which no response is required.

25. Deny the allegations of paragraph 25. To the extent paragraph 25 sets forth jurisdictional claims and legal conclusions, no response is required.

26. Deny the allegations of paragraph 26.

27. Deny the allegations of paragraph 27.

28. Deny the allegations of paragraph 28.

29. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Deny the allegations of paragraph 32, except admit that GreenLight employees corresponded with individuals at Forum Novelties in the fall of 2010 and that the correspondence will speak for itself.

33. Deny the allegations of paragraph 33, except admit that Claire Keeley sent Forum Novelties a letter on December 15, 2010 and that the letter will speak for itself.

34. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Deny the allegations of paragraph 35.

36. Deny the allegations of paragraph 36. To the extent paragraph 36 sets forth legal conclusions, no response is required.

37. Deny the allegations of paragraph 37.

38. Deny the allegations of paragraph 38.

39. Deny the allegations of paragraph 39. To the extent paragraph 39 sets forth legal conclusions, no response is required.

40. Deny the allegations of paragraph 40. To the extent paragraph 40 sets forth legal conclusions, no response is required.

41. Deny the allegations of paragraph 41. To the extent paragraph 41 sets forth legal conclusions, no response is required.

42. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Deny the allegations of paragraph 43.

## FIRST CLAIM
### Declaratory Judgment

44. HUJ repeats, realleges, and incorporates by reference its responses to the allegations of paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. Deny the allegations of paragraph 45.

46. Deny the allegations of paragraph 46.

47. Deny the allegations of paragraph 47.

48. Deny the allegations of paragraph 48.

49. Deny the allegations of paragraph 49.

50. Deny the allegations of paragraph 50. To the extent paragraph 50 sets forth legal conclusions, no response is required.

## SECOND CLAIM
### Declaratory Judgment

51. HUJ repeats, realleges, and incorporates by reference its responses to the allegations of paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Deny the allegations of paragraph 52.

53. Deny the allegations of paragraph 53.

54. Deny the allegations of paragraph 54.

55. Deny the allegations of paragraph 55.

56. Deny the allegations of paragraph 56.

57. Deny the allegations of paragraph 57. To the extent paragraph 57 sets forth legal conclusions, no response is required.

In response to the WHEREFORE clause following paragraph 57 of the Complaint, HUJ responds that Forum Novelties is not entitled to any relief whatsoever, and that judgment be entered in favor of HUJ and against Forum Novelties. Each and every allegation of the Complaint not specifically or qualifiedly admitted as set forth herein is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

As its separate defenses and affirmative defenses to Forum Novelties' Complaint, HUJ asserts the following:

### FIRST AFFIRMATIVE DEFENSE

58. The Complaint, and each alleged claim for relief therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

59. The Complaint, and each alleged claim for relief therein, is barred because Forum Novelties has infringed HUJ's federal trademark rights under 15 U.S.C. § 1114.

## THIRD AFFIRMATIVE DEFENSE

60. The Complaint, and each alleged claim for relief therein, is barred because Forum Novelties has falsely designated the origin of the Albert Einstein Disguise Kit under 15 U.S.C. § 1125(a).

## FOURTH AFFIRMATIVE DEFENSE

61. The Complaint, and each alleged claim for relief therein, is barred because Forum Novelties has violated HUJ's property rights of the estate of Dr. Einstein in violation of California Civil Code § 3344.1.

## FIFTH AFFIRMATIVE DEFENSE

62. The Complaint, and each alleged claim for relief therein, is barred because Forum Novelties has violated the common law right of publicity for Dr. Einstein under California law.

## SIXTH AFFIRMATIVE DEFENSE

63. Plaintiff has not been damaged by any of HUJ's activities.

## SEVENTH AFFIRMATIVE DEFENSE

64. HUJ has not acted in bad faith.

## EIGHTH AFFIRMATIVE DEFENSE

65. The Complaint, and each alleged claim for relief therein, is barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

66. HUJ does not waive and reserves the right to amend this Answer to assert additional defenses and affirmative defenses.

### TENTH AFFIRMATIVE DEFENSE

67. HUJ intends to rely on all other provable defenses developed in discovery and available at trial.

### COUNTERCLAIM

Hebrew University of Jerusalem ("HUJ"), by and through counsel, hereby complains against Forum Novelties, Inc. as follows:

### THE PARTIES

68. HUJ is a not-for-profit corporation organized and existing under the laws of Israel, with an address at Givat Ram, P.O. Box 34165, Jerusalem 91341, Israel.

69. Upon information and belief, Forum Novelties is a corporation organized under the laws of the State of New York with offices in Richmond Hill, New York.

### JURISDICTION

70. This Court has federal question jurisdiction under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Jurisdiction is proper in this Court under 15 U.S.C. § 1121(a) and, accordingly, 28 U.S.C. § 1331.

71. Additionally, this Court has original and supplemental jurisdiction under 28 U.S.C. §§ 1338(b) and 1367 over the related state law claims.

72. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein arose in this District and plaintiff/counter-defendant resides in this District within the meaning of 28 U.S.C. § 1391(c).

## BACKGROUND FACTS

A.  **Dr. Albert Einstein: Scientist and Celebrity**

73.     Dr. Albert Einstein was a German-born theoretical physicist who is best known for his scientific theories including, but not limited to, his theory of relativity and unified field theory. Dr. Einstein was the author of over fifty scientific papers as well as a number of non-scientific books; he was also the 1921 winner of the Nobel Prize in Physics. Dr. Einstein has long been recognizable throughout the world, and his name has become synonymous with genius.

74.     In addition to his contributions to science, Dr. Einstein was an acclaimed political activist and humanitarian.

75.     As a result of his success in his various scientific and non-scientific endeavors, Dr. Einstein became respected, well-known, and famous. Even in death, Dr. Einstein remains an influential figure and international celebrity. In 1999, Time Magazine named Albert Einstein the Person of the Century.

B.  **Hebrew University of Jerusalem's Einstein Rights**

76.     Upon his death, Dr. Einstein transferred to HUJ through his last will and testament all property rights, title, and interest (the "Einstein Rights"), in his name and likeness and intellectual property rights, including but not limited to Dr. Einstein's post-mortem publicity rights.

77.     Accordingly, HUJ is the owner of all right, title, and interest in, to, and of the late, famous scientist and genius, Albert Einstein. Dr. Einstein is also known, and commonly referred to as EINSTEIN.

9

78.     HUJ owns numerous trademark registrations featuring "Albert Einstein," "Einstein," and variations thereof (the "Albert Einstein Marks"), including U.S. Registration No. 3,591,305 for the mark ALBERT EINSTEIN for use in connection with, *inter alia*, three-dimensional models for educational purposes, apparel, games, toys, sculptures, figurines, printed materials, games, playthings and toys, children's multiple activity toys, educational products in the nature of learning toys and games, and costume masks.

79.     HUJ's exclusive right to use its marks is evidenced by these registrations. The registrations are valid, subsisting, and provide prima facie evidence of HUJ's exclusive right to use the marks in commerce.

80.     In addition, HUJ has filed applications for a number of other Einstein Marks in connection with a variety of goods and services, which are currently pending in the United States Patent and Trademark Office.

81.     HUJ extensively and regularly licenses the Einstein Rights for use in advertising and on products. In connection with its licensing program, HUJ has appointed GreenLight as its exclusive licensing agent. Pursuant to this appointment, GreenLight is currently the sole and exclusive licensing agent of the Einstein Rights, and GreenLight supervises the licensing of all such rights on behalf of HUJ. GreenLight represents some or all of the personality and trademark rights of many deceased celebrities and icons other than Albert Einstein, including Steve McQueen, Andy Warhol, Johnny Cash, Maria Callas, Bruce Lee and Muhammad Ali.

82.     As a result of the fame and celebrity of Dr. Einstein, there is a substantial licensing program for use of the Einstein Rights in connection with the promotion and sale of a variety of products and services. HUJ has extensively licensed the Einstein Rights, service marks, and trademarks to numerous well-known companies around the world, including Apple

Computer, Bell Atlantic, Citibank, Columbia Pictures, Daimler-Chrysler, Dell Computers, Deloitte LLP, Disney, Dow Jones & Company, Eastman Kodak, Einstein Noah Bagel Corporation, Epson, France Telecom, Hyundai Motor Company, IBM, Intel Corporation, Johnson & Johnson, Kraft Foods, LegoLand, Mars, Microsoft, NASA, National Geographic, Nikon, Panasonic, Pfizer Pharmaceuticals, Saab, Sony Corporation, Unilever, Universal Studios, Warner Bros., Xerox, and many others.

83. Through GreenLight, HUJ has closely supervised and controlled all licensing of the Einstein Rights. As a result of the breadth of licensing across various classes of goods and services, HUJ enjoys significant financial benefit from the licensing of the Einstein Rights. In fact, in 2008, Forbes Magazine ranked Albert Einstein as the fourth highest earning deceased celebrity, earning $18 million annually. The enduring value of Dr. Einstein's name and image is largely attributable to careful management and control of the Einstein Rights.

84. Continuously and without interruption since his death, HUJ and its legal predecessors (individually or through their representatives) have expended a great deal of time, effort, and talent in controlling the works, goods, and services associated with the Einstein Rights. The relevant consuming public has come to recognize works, products, and services bearing Dr. Einstein's image, likeness, photograph, name, signature, and/or related trademarks as referring to Albert Einstein, and/or as otherwise being approved by, endorsed by, sponsored by, or affiliated with Albert Einstein and/or HUJ.

C.  **Forum Novelties' Infringing Activity**

85. Upon information and belief, Forum Novelties is a New York-based designer, manufacturer, marketer and seller of Halloween costumes and accessories.

11

86. Forum Novelties is among the largest manufacturers and suppliers of novelty items in the United States.

87. Forum Novelties also designs, manufactures and sells disguise and masquerade costumes, masks, and Halloween accessories.

88. For a number of years, Forum has been openly selling a line of disguise accessories under its trademark Heroes in History.

89. The Heroes in History line is a collection of costumes and disguises designed to allow users to masquerade as various well-known historical figures.

90. The Heroes in History costumes and disguises are intended to be worn by children acting in historically based school plays and in everyday play activity.

91. The Heroes in History collection includes a disguise kit comprised of a white wig and white moustache ("Albert Einstein Disguise Kit").

92. The Albert Einstein Disguise Kit comes in packaging decorated with a hand drawn sketch of a man resembling Albert Einstein and the words "Albert Einstein Instant Disguise Kit."

93. The Albert Einstein Disguise Kit, including the costume and packaging, is based on Dr. Einstein's image and likeness.

94. The Albert Einstein Disguise Kit seeks to capitalize on the value of Dr. Einstein's image and likeness.

95. The Albert Einstein Disguise Kit, including the costume and packaging, directly connects Dr. Einstein's image and likeness with Forum Novelties' product.

96. Upon information and belief, the Albert Einstein Disguise Kit is available for purchase at costume shops throughout the United States.

97. Upon information and belief, the Albert Einstein Design Kit is available for purchase at costume shops in California.

98. Upon information and belief, the Albert Einstein Disguise Kit is also available for purchase on the Internet at a number of Internet retail sites.

99. Upon information and belief, the Albert Einstein Disguise Kit is available on the following Internet retail sites: amazon.com, officialkidscostumes.com, halloweenexpress.com, costumezone.com, costumesforfun.com, costumes4less.com, and wondercostumes.com. Copies of Internet screenshots depicting the Albert Einstein Disguise Kit for sale on these Internet retail sites are attached hereto as Exhibit A.

100. Upon information and belief, consumers residing in the State of California have purchased the Albert Einstein Disguise Kit.

101. Upon information and belief, at least one California consumer has posted a review of the Albert Einstein Disguise Kit on the Internet. A copy of a review posted on amazon.com from a California consumer regarding the quality of the Albert Einstein Disguise Kit is attached hereto as Exhibit B.

102. Upon information and belief, Forum Novelties has attempted and continues to attempt to associate its Albert Einstein Disguise Kit with Dr. Einstein.

103. Upon information and belief, Forum Novelties has attempted and continues to attempt to trade off the goodwill and publicity rights of Dr. Einstein.

104. Upon information and belief, Forum Novelties markets and sells its Albert Einstein Disguise Kit using the same channels of trade and to the same or a similar class of consumers as licensees of the Einstein Rights.

105.   Upon information and belief, Forum Novelties is not now, nor was it ever, licensed or otherwise authorized by HUJ or GreenLight to use the Einstein Rights in any form in connection with the Heroes in History costume line.

106.   Forum Novelties is marketing and selling the Albert Einstein Disguise Kit with full knowledge of HUJ's Albert Einstein's publicity rights, without HUJ's or GreenLight's consent or authorization for such use.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

107.   HUJ repeats and realleges each and every allegation contained in paragraphs 68-106 as if fully set forth herein.

108.   The Albert Einstein Marks are federally registered and entitled to protection under federal law and common law. They have been extensively and continuously licensed for the promotion and sale of a variety of products and services to numerous well-known companies around the world, and use of the Marks indicates that the products and services bearing the Marks are associated in some manner with the late genius Albert Einstein.

109.   Forum Novelties' offer of sale, distribution, and advertisement of the Albert Einstein Disguise Kit infringes HUJ's registered Einstein Mark, set forth in U.S. Reg. No. 3,591,305, pursuant to 15 U.S.C. § 1114.

110.   Forum Novelties did not engage in the misconduct alleged herein out of any sincere or proper motive, but did so knowingly and willfully, with the intention of appropriating for itself the valuable Einstein Rights held by HUJ without compensating HUJ for such use.

111. Forum Novelties' misconduct was also fraudulent in that it has deliberately engaged in a course of conduct to confuse the public as to Dr. Einstein's and/or HUJ's approval, endorsement, licensing, or sponsorship of Forum Novelties and the Albert Einstein Disguise Kit.

112. As a direct and proximate result of Forum Novelties' misconduct, HUJ has sustained and will sustain substantial injury, loss, and damage. HUJ is thus entitled to recover its actual damages and Forum Novelties' profits in an amount to be proven at trial, together with attorneys' fees and costs, under 15 U.S.C. § 1117.

113. Furthermore, HUJ is entitled to a permanent injunction to prevent future violations of 15 U.S.C. § 1125.

## SECOND CLAIM
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

114. HUJ repeats and realleges each and every allegation contained in paragraphs 68-113 as if fully set forth herein.

115. By creating and distributing throughout the United States its Albert Einstein Disguise Kit, Forum Novelties intentionally and willfully created the false impression that HUJ had agreed to the use of Dr. Einstein's name and likeness.

116. The impression created by Forum Novelties was entirely false. HUJ never authorized Forum Novelties' use of Dr. Einstein's name and likeness in connection with the sale of the Albert Einstein Disguise Kit.

117. Forum Novelties has thus used the name and likeness of Dr. Einstein in connection with the promotion and sale of goods in commerce and such use has misled, deceived, and confused, and will continue to mislead, deceive, and confuse, the public into believing that Forum Novelties and its disguise kits are in some way endorsed, sanctioned by,

licensees of, or in some other way affiliated with Dr. Einstein and/or HUJ, in violation of the Lanham Act § 43(a), 15. U.S.C. § 1125 (a).

118. Forum Novelties' actions have been purposefully directed at undercutting and decreasing HUJ's legitimate business interests with respect to Dr. Einstein, the Albert Einstein Marks, and/or the Albert Einstein Rights, and constitute unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125 (a).

119. Forum Novelties has been unjustly enriched by its violation of 15 U.S.C. § 1125 and misappropriation of HUJ's exclusive rights.

120. Forum Novelties did not engage in the misconduct alleged herein out of any sincere or proper motive, but did so knowingly and willfully, with the intention of appropriating for itself the valuable Einstein Rights held by HUJ without compensating HUJ for such use. Forum Novelties' misconduct was also fraudulent in that it has deliberately engaged in a course of conduct to confuse the public as to Dr. Einstein's and/or HUJ's endorsement, licensing, or sponsorship of Forum Novelties and the Albert Einstein Disguise Kit.

121. As a direct and proximate result of Forum Novelties' misconduct, HUJ has sustained and will sustain substantial injury, loss, and damage. HUJ and/or GreenLight is thus entitled to recover its actual damages and Forum Novelties' profits in an amount to be proven at trial, together with attorneys' fees and costs, under 15 U.S.C. § 1117.

122. Furthermore, HUJ is entitled to a permanent injunction to prevent future violations of 15 U.S.C. § 1125.

## THIRD CLAIM
## RIGHT OF PUBLICITY OF DECEASED PERSONALITY
## CALIFORNIA CIVIL CODE § 3344.1

123.   HUJ repeats and realleges each and every allegation contained in paragraphs 68-122 as if fully set forth herein.

124.   HUJ is the owner of all of the property rights of the estate of Albert Einstein, including Albert Einstein's post-mortem publicity rights. GreenLight is HUJ's exclusive licensing agent for Albert Einstein's post-mortem publicity rights.

125.   Forum Novelties' use of Albert Einstein's name and likeness on its Albert Einstein Disguise Kit, and the sale and distribution of the Albert Einstein Disguise Kit throughout California and the rest of the United States, as alleged herein, constitutes an intentional and willful violation of HUJ's rights under California Civil Code Section 3344.1.

126.   Forum Novelties' Albert Einstein Disguise Kit used Dr. Einstein's name and likeness for the purpose of obtaining a commercial advantage and was without HUJ's consent.

127.   As a direct and proximate result of its misconduct, Forum Novelties has wrongfully profited. HUJ, as owner of the Einstein Rights have suffered damages in an amount to be proven at trial.

128.   Forum Novelties did not engage in the misconduct alleged herein out of any sincere or proper motive, but did so knowingly and willfully, with the intention of appropriating for itself the valuable Einstein Rights held by HUJ without compensating HUJ for such use. Forum Novelties' misconduct was also fraudulent in that it has deliberately engaged in a course of conduct to confuse the public as to Dr. Einstein's and/or HUJ's approval, endorsement, licensing, or sponsorship of Forum Novelties and the Albert Einstein Disguise Kit. As a result, HUJ is entitled to recover exemplary and punitive damages.

129.   HUJ has no adequate remedy at law to prevent Forum Novelties from continuing to wrongfully violate these rights. Unless an injunction is granted, Forum Novelties will continue to violate these rights thereby causing irreparable injury and damage to GreenLight.

## FOURTH CLAIM
## VIOLATION OF COMMON LAW RIGHT OF PUBLICITY

130.   HUJ repeats and realleges each and every allegation contained in paragraphs 68-129 as if fully set forth herein.

131.   Forum Novelties' use of the name and likeness of Dr. Einstein in the Albert Einstein Disguise Kit constitutes an unauthorized use of the identity of Albert Einstein for the purposes of selling goods or services in violation of the common law right of publicity in California.

132.   As a direct and proximate result of its misconduct, Forum Novelties has wrongfully profited. HUJ, as owner of the Einstein Rights, has suffered damages in an amount to be proven at trial.

133.   HUJ has no adequate remedy at law to prevent Forum Novelties from continuing to wrongfully violate these rights. Unless an injunction is granted, Forum Novelties will continue to violate these rights thereby causing irreparable injury and damage to HUJ.

## PRAYER FOR RELIEF

WHEREFORE, Hebrew University of Jerusalem requests:

134.   A preliminary and permanent injunction enjoining Forum Novelties and all persons acting in concert or participation with Forum Novelties, from:

    a. committing any further acts of unfair competition;

    b. using the Albert Einstein Marks or any image or likeness of Dr. Einstein in a way or manner that creates confusion in the public's mind regarding Dr. Einstein's

and/or HUJ's endorsement, licensing of, sponsorship, or affiliation with Forum Novelties' Albert Einstein Disguise Kit;

c. causing a likelihood of confusion, deception, or mistake as to the source or origin of Forum Novelties' Albert Einstein Disguise Kit, or as to any affiliation, sponsorship, or connection between Forum Novelties and Dr. Einstein and/or HUJ;

135. A money judgment:

a. for the amount of HUJ's compensatory damages to include, without limitation, all gains, profits, benefits and advantages derived by Forum Novelties from its wrongful acts;

b. for the amount by which Forum Novelties has been unjustly enriched and to which HUJ is entitled to restitution;

c. for exemplary and punitive damages considering that Forum Novelties acted in intentional and willful disregard of HUJ's rights;

d. for treble damages against Forum Novelties pursuant to 15 U.S.C. § 1117;

e. for all costs and attorneys' fees incurred in this action in accordance with Cal.Civ. Code § 3344.1 and 15 U.S.C. § 1117;

136. An order that Forum Novelties be required to recall from any and all channels of trade or media any and all Albert Einstein Disguise Kits and related advertisements and promotional materials or other infringing matter that references or includes the Albert Einstein Marks image or likeness of Dr. Einstein;

137. An order that Forum Novelties be directed to file with this Court, and to correspondingly serve on GreenLight, a written report detailing Forum Novelties' compliance with the Court's orders within thirty days of service of the Court's order;

138. The costs of suit; and

139. Any other relief this Court deems just and proper.

Dated: June 1, 2011

Respectfully submitted,

**ARENT FOX LLP**

By: _/s/ David N. Wynn_

David N. Wynn (DW 8660)
1675 Broadway
New York, NY 10019
(212) 484-3900
(212) 484-3990 (facsimile)

Leah C. Montesano (*pro hac vice* motion pending)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: 202/857-6000
Facsimile: 202/857-6395

**Counsel for Defendant Hebrew University of Jerusalem**