UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORUM NOVELTIES, INC.,<br><br>      Plaintiff and Counterclaim-Defendant.<br><br>   v.<br><br>GREENLIGHT, LLC,<br><br>      Defendant,<br><br>and<br><br>HEBREW UNIVERSITY OF JERUSALEM,<br><br>      Defendant and Counterclaim-Plaintiff. | Civil Action No.: 10-CIV-9414 (EJH)<br><br>**REPLY TO COUNTERCLAIMS** |

Plaintiff and Counterdefendant Forum Novelties, Inc. ("Forum"), by and through its attorneys, Pryor Cashman LLP, as and for its Reply to the Counterclaims dated June 1, 2011 ("Counterclaims") asserted by Defendant and Counterclaimant Hebrew University of Jerusalem ("HUJ"), responds and states as follows:

## THE PARTIES

68. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 68 of the Counterclaims.

69. Admits the allegations set forth in Paragraph 69 of the Counterclaims.

## JURISDICTION

70. Admits the allegations set forth in Paragraph 70 of the Counterclaims.

71. Admits the allegations set forth in Paragraph 71 of the Counterclaims.

72. Admits the allegations set forth in Paragraph 72 of the Counterclaims.

## BACKGROUND FACTS

73. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 73 of the Counterclaims.

74. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 74 of the Counterclaims.

75. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 75 of the Counterclaims.

76. Denies each and every allegation set forth in Paragraph 76 of the Counterclaims.

77. Denies each and every allegation set forth in Paragraph 77 of the Counterclaims.

78. Admits the allegations set forth in Paragraph 78 of the Counterclaims.

79. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 79 of the Counterclaims.

80. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 80 of the Counterclaims.

81. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 81 of the Counterclaims.

82. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 82 of the Counterclaims.

83. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 83 of the Counterclaims.

84. Denies each and every allegation set forth in Paragraph 84 of the Counterclaims.

85. Admits the allegations set forth in Paragraph 85 of the Counterclaims.

86. Admits the allegations set forth in Paragraph 86 of the Counterclaims.

87. Admits the allegations set forth in Paragraph 87 of the Counterclaims.

88. Admits the allegations set forth in Paragraph 88 of the Counterclaims.

89. Admits the allegations set forth in Paragraph 89 of the Counterclaims.

90. Admits the allegations set forth in Paragraph 90 of the Counterclaims.

91.     Denies the allegations forth in Paragraph 91 of the Counterclaims, except admits that the Heroes in History collection includes a disguise kit comprised of a white wig and white moustache.

92.     Denies the allegations forth in Paragraph 92 of the Counterclaims, and respectfully refers the Court to the disguise kit packaging for the wording, illustrations, and import thereof.

93.     Denies each and every allegation set forth in Paragraph 93 of the Counterclaims.

94.     Denies each and every allegation set forth in Paragraph 94 of the Counterclaims.

95.     Denies each and every allegation set forth in Paragraph 95 of the Counterclaims.

96.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 96 of the Counterclaims, except admits that the disguise kit is available for purchase in certain costume shops in certain states within the United States.

97.     Denies each and every allegation set forth in Paragraph 97 of the Counterclaims.

98.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 98 of the Counterclaims, except admits that the disguise kit is available for purchase through specific websites on the Internet.

99.     Objects to the defined term "Albert Einstein Disguise Kit" set forth in Paragraph 99 of the Counterclaims and respectfully refers the Court to the attached Exhibit A for the import thereof.

100.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 100 of the Counterclaims.

101.    Neither admits nor denies the allegations set forth in Paragraph 101 of the Counterclaims and respectfully refers the Court to the attached Exhibit B for the import thereof.

102.    Denies each and every allegation set forth in Paragraph 102 of the Counterclaims.

103.    Denies each and every allegation set forth in Paragraph 103 of the Counterclaims.

104.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 104 of the Counterclaims.

105. Neither admits nor denies the allegations set forth in Paragraph 105 of the Counterclaims which call for a legal conclusion, and further notes that such authority is not required.

106. Denies each and every allegation set forth in Paragraph 106 of the Counterclaims.

## FIRST COUNTERCLAIM

107. As and for its response to Paragraph 107 of the Counterclaims, repeats and realleges its responses to Paragraphs 68 through 106 as if such responses were fully set forth herein.

108. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 108 of the Counterclaims.

109. Denies each and every allegation set forth in Paragraph 109 of the Counterclaims.

110. Denies each and every allegation set forth in Paragraph 110 of the Counterclaims.

111. Denies each and every allegation set forth in Paragraph 111 of the Counterclaims.

112. Denies each and every allegation set forth in Paragraph 112 of the Counterclaims.

113. Denies each and every allegation set forth in Paragraph 113 of the Counterclaims.

## SECOND COUNTERCLAIM

114. As and for its response to Paragraph 114 of the Counterclaims, repeats and realleges its responses to Paragraphs 68 through 113 as if such responses were fully set forth herein.

115. Denies each and every allegation set forth in Paragraph 115 of the Counterclaims.

116. Neither admits nor denies the allegations set forth in Paragraph 116 which call for a legal conclusion, and further notes that such authority is not required, and respectfully refers the Court to the disguise kit for any impression created thereby.

117. Denies each and every allegation set forth in Paragraph 117 of the Counterclaims.

118. Denies each and every allegation set forth in Paragraph 118 of the Counterclaims.

119. Denies each and every allegation set forth in Paragraph 119 of the Counterclaims.

120. Denies each and every allegation set forth in Paragraph 120 of the Counterclaims.

121. Denies each and every allegation set forth in Paragraph 121 of the Counterclaims.

122. Denies each and every allegation set forth in Paragraph 122 of the Counterclaims.

### THIRD COUNTERCLAIM

123. As and for its response to Paragraph 123 of the Counterclaims, repeats and realleges its responses to Paragraphs 68 through 122 as if such responses were fully set forth herein.

124. Denies each and every allegation set forth in Paragraph 124 of the Counterclaims.

125. Denies each and every allegation set forth in Paragraph 125 of the Counterclaims.

126. Denies each and every allegation set forth in Paragraph 126 of the Counterclaims.

127. Denies each and every allegation set forth in Paragraph 127 of the Counterclaims.

128. Denies each and every allegation set forth in Paragraph 128 of the Counterclaims.

129. Denies each and every allegation set forth in Paragraph 129 of the Counterclaims.

### FOURTH COUNTERCLAIM

130. As and for its response to Paragraph 130 of the Counterclaims, repeats and realleges its responses to Paragraphs 68 through 129 as if such responses were fully set forth herein.

131. Denies each and every allegation set forth in Paragraph 131 of the Counterclaims.

132. Denies each and every allegation set forth in Paragraph 132 of the Counterclaims.

133. Denies each and every allegation set forth in Paragraph 133 of the Counterclaims.

### DEFENSES AND AFFIRMATIVE DEFENSES

As its separate defenses and affirmative defenses to HUJ's Counterclaims, Forum asserts the following:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred by HUJ's unclean hands.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred because HUJ has not been damaged.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrines of laches, acquiescence, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because neither California Civil Code § 3344.1 nor California common law apply in determining Albert Einstein's post-mortem rights of publicity and thus HUJ's alleged devised right of publicity.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because Forum has not infringed any valid publicity rights of HUJ.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because Forum has not infringed any valid trademark rights of HUJ.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because Forum's use of its marks avoids any conclusion of likelihood of consumer confusion.

### EIGHTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because HUJ's approval is not a prerequisite for Forum's conduct regarding its packaging and sale of the disguise kit.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because Forum's use of the name Albert Einstein and a hand-drawn sketch of the same is a fair use authorized under 15 U.S.C. § 1115(b)(4).

### TENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred because HUJ failed to mitigate its alleged damages, if any.

**WHEREFORE**, Forum demands judgment against HUJ as follows:

1. Dismissing HUJ's Counterclaims in their entirety and with prejudice;

2. Awarding Forum the relief demanded in its Complaint;

3. Awarding Forum its costs in this action together with reasonable attorneys' fees and expenses; and

4. Awarding to Forum any such other and further relief as the Court may deem just and proper.

Dated: June 27, 2011

                      PRYOR CASHMAN LLP


                  By:        /s/ Andrew S. Langsam
                          Andrew S. Langsam
                          Sarah E. Bell
                          Stephanie R. Kline
7 Times Square
New York, New York 10036-6569
alangsam@pryorcashman.com
sbell@pryorcashman.com
skline@pryorcashman.com
(212) 421-4100

*Attorneys for Plaintiff and Counterdefendant*